UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAKOTA SIMCO-HORVATH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-514-G |
| ) | |
| STEVEN BLAKE BREWER et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Dakota Simco-Horvath brings federal civil rights claims against four defendants: Steven Blake Brewer, in his individual capacity; the Board of County Commissioners for Oklahoma County ("the Board"); Oklahoma County Sheriff Tommie Johnson III, in his official capacity; and former Oklahoma County Sheriff Paul D. Taylor, in his individual capacity. *See* Am. Compl. (Doc. No. 18).[1]  Now before the Court is a Motion to Dismiss (Doc. No. 23) filed by Defendant Taylor.  Plaintiff has responded (Doc. No. 29), and Defendant Taylor has filed a Reply (Doc. No. 33).[2]

I.   *Summary of the Pleadings*

Plaintiff alleges the following:

---

[1] Defendants Board and Johnson have separately moved for dismissal, *see* Doc. No. 22.

[2] This case and the Motion were stayed at Defendant Brewer's unopposed request while related state-court criminal charges proceeded against Defendant Brewer.  Upon notification that the criminal charges had been dismissed, the Court lifted the stay, and Defendant Brewer filed an Answer (Doc. No. 41).  *See* Doc. Nos. 35, 40.

On May 23, 2019, Plaintiff was housed at the Oklahoma County Detention Center ("OCDC"). *See* Am. Compl. ¶¶ 14, 60. Defendant Taylor was the Oklahoma County Sheriff at that time, with final policymaking authority over OCDC. *Id.* ¶ 4.

Due to overcrowding and unsanitary conditions in his cell, Plaintiff left his cell on the tenth floor to use the restroom in an empty cell on the eleventh floor. *Id.* ¶ 60. While Plaintiff was sitting on the toilet, a guard walked into the restroom and told Plaintiff to get off the toilet and to return to his cell. *Id.* ¶ 61. Plaintiff told the guard it was "too late" because he had already begun using the toilet. *Id.* ¶ 62. Defendant Brewer, who was employed at OCDC, also was present. *Id.* ¶¶ 2, 63. "While Plaintiff was rushing to wipe himself, Defendant Brewer threatened Plaintiff with bodily harm if Plaintiff was not back in his cell within three (3) seconds." *Id.* ¶ 64. Plaintiff responded that he was "finishing up" while Defendant Brewer counted to three. *Id.* ¶¶ 65-66.

"As Plaintiff was looking down to dispose of the soiled toilet paper, Defendant Brewer placed handcuffs over his knuckles." *Id.* ¶ 67. Defendant stated the number "three" and then struck Plaintiff in the forehead, "using the handcuffs like brass knuckles," resulting in severe injuries. *Id.* ¶¶ 70-71. Defendant Brewer then swung at Plaintiff a second time with the handcuffs over his knuckles, making direct contact with Plaintiff's face and slicing Plaintiff's left ear. *Id.* ¶ 73. Defendant Brewer's second strike knocked Plaintiff to the ground and made Plaintiff lose consciousness. *Id.* ¶ 74. While Plaintiff was lying on the ground an unidentified guard struck Plaintiff in the stomach with his/her knee. *Id.* ¶ 75.

Plaintiff "la[y] in a pool of his own blood for some time before he was taken to a nurse and examined." *Id.* ¶ 78. The nurse used a staple gun to staple Plaintiff's head 12 times and also treated his ear. *Id.* ¶ 80. The assault "disfigured Plaintiff and left him embarrassed and violated." *Id.* ¶ 81.

II.   Discussion

In the Amended Complaint, Plaintiff asserts two claims pursuant to 42 U.S.C. § 1983, alleging that Defendants' conduct violated his rights under the Fourteenth Amendment.[3] Defendant Taylor seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff has failed to state a claim upon which relief can be granted.

   A.   42 U.S.C. § 1983 and Rule 12(b)(6)

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States" and "must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant Taylor does not dispute that he was acting under color of state law in connection with Plaintiff's assertions of unlawful treatment at OCDC. Defendant Taylor argues, however, that Plaintiff cannot show that he "subject[ed]" Plaintiff, "or cause[d] [Plaintiff] to be subjected," "to a deprivation of his . . . lawful rights." *Porro v. Barnes*, 624 F.3d 1322, 1327 (10th Cir. 2010) (internal quotation marks omitted).

---

[3] The parties' briefing makes clear that Plaintiff, as a pretrial detainee, was subject to protection under the Fourteenth Amendment's Due Process Clause. *See* Def.'s Mot. at 9 n.1; Pl.'s Resp. at 8; *see also Burke v. Regalado*, 935 F.3d 960, 991 (10th Cir. 2019); *Wise v. Caffey*, 72 F.4th 1199, 1206 (10th Cir. 2023).

3

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim." *Id.* at 1192.

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

  B. *Plaintiff's Claim Regarding Conditions of Confinement*

In evaluating a Fourteenth Amendment claim regarding conditions of confinement, "we apply an analysis identical to that applied in Eighth Amendment cases." *Burke*, 935 F.3d at 991 (internal quotation marks omitted). The Eighth Amendment requires prison officials to provide "humane conditions of confinement" but "does not mandate

comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks omitted); *see* U.S. Const. amend. VIII. As explained by the Tenth Circuit:

> Prison officials are required to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety. *See Farmer*[, 511 U.S. at 832-33]. . . . .
>
> In order to hold prison officials liable for violating an inmate's right to humane conditions of confinement, two requirements must be met. First, the deprivation alleged must be objectively "sufficiently serious," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), depriving the inmate of "'the minimal civilized measure of life's necessities,'" *id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, the official must have a "sufficiently culpable state of mind," which in this context means the official must exhibit "deliberate indifference" to a substantial risk of serious harm to an inmate. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 297.

*Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (parallel citations omitted).

Relevant to the first requirement, conditions imposed upon inmates "may be restrictive and even harsh." *Id.* at 1311 (internal quotation marks omitted). Therefore, for the deprivations to be "sufficiently serious" to implicate constitutional rights, Plaintiff "must show that conditions were more than uncomfortable, and instead rose to the level of conditions posing a substantial risk of serious harm to inmate health or safety." *DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001) (internal quotation marks omitted).

Plaintiff alleges that "[d]ue to overcrowding in his cell, along with unsanitary conditions," "Plaintiff left his cell on the tenth (10th) floor to use the restroom in an empty cell on the eleventh (11th) floor." Am. Compl. ¶ 60. Plaintiff also alleges that he was denied "basic elements of hygiene." *Id.* ¶ 99. These allegations, even when construed in Plaintiff's favor, fail to support a reasonable inference that Plaintiff suffered any "sufficiently serious" deprivation while housed at OCDC. "Mere discomfort or temporary

adverse conditions which pose no risk to health and safety do not implicate the Eighth Amendment." *Whitington v. Ortiz*, 307 F. App'x 179, 187 (10th Cir. 2009). While Plaintiff quotes multiple outside sources as having reported sanitation problems at the facility, such reports and statistics do not plausibly show that Plaintiff *himself* was denied "the minimal civilized measure of life's necessities" while incarcerated. *Id.* (internal quotation marks omitted); *see Porro*, 624 F.3d at 1327 ("[Section 1983] renders liable only those persons who . . . subject, or cause to be subjected, any citizen to a deprivation of *his or her* lawful rights." (emphasis added) (alterations and internal quotation marks omitted)); *see, e.g.*, Am. Compl. ¶¶ 18-30 (reciting OCDC overcrowding issues identified by the Department of Justice in 2008). Nor do vague, conclusory allegations such as: "These unresolved conditions [reported in 2016] . . . caused and/or allowed [Plaintiff] to leave his jail cell, which caused or contributed to his injuries." Am. Compl. ¶ 40; *see Twombly*, 550 U.S. at 555 (explaining that "labels and conclusions" are not entitled to a presumption of truth). In addition, "[a]n important factor in determining whether conditions of confinement meet constitutional standards is the length of the incarceration." *Barney*, 143 F.3d at 1311. Plaintiff offers no well-pleaded facts regarding when or for how long he was allegedly exposed to inhumane conditions and therefore fails to establish that he was subjected to anything more than temporary discomfort.

Because Plaintiff has not established that he suffered an objectively serious deprivation, the Court need not determine whether he has sufficiently pleaded deliberate indifference or could otherwise establish supervisory liability on the part of Defendant

Taylor. *See id.* at 1310; *Cox v. Glanz*, 800 F.3d 1231, 1245 (10th Cir. 2015). Plaintiff's conditions-of-confinement claim shall be dismissed.

    C.    *Plaintiff's Excessive-Force Claim*

To establish his excessive-force claim, Plaintiff must provide "objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Wise*, 72 F.4th at 1206 (internal quotation marks omitted). For Fourteenth Amendment excessive-force claims, the Court uses the factors set forth in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), "to determine the reasonableness or unreasonableness of the force used." *Wise*, 72 F.4th at 1206 (internal quotation marks omitted).

> These considerations include "[1] the relationship between the need for the use of force and the amount of force used; [2] the extent of the plaintiff's injury; [3] any effort made by the officer to temper or to limit the amount of force; [4] the severity of the security problem at issue; [5] the threat reasonably perceived by the officer; and [6] whether the plaintiff was actively resisting." [*Kingsley*, 576 U.S. at 397.] Like the . . . factors that we traditionally use for Fourth Amendment excessive-force claims, these considerations are not exclusive but merely "illustrate the types of objective circumstances potentially relevant to a determination of excessive force," *Kingsley*, 576 U.S. at 397.

*Id.* (parallel citation omitted).

Defendant Taylor asserts that, even assuming Plaintiff has adequately established a claim of excessive force as set forth above, Plaintiff fails to plausibly show that Defendant Taylor, in his individual capacity as former Sheriff, should be held liable upon this claim. *See* Def.'s Mot. at 9-11, 24-31.

7

"[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Schneider*, 717 F.3d at 767 (internal quotation marks omitted). Therefore, when a § 1983 claim is premised upon supervisor liability, the facts must demonstrate an "'affirmative link' between the supervisor and the constitutional violation." *Id.*; *see also Moya v. Garcia*, 895 F.3d 1229, 1233 (10th Cir. 2018) (explaining that the plaintiffs must allege facts showing that the sheriff was "personally involved in the underlying violations through [his] own participation or supervisory control"). Proving such an affirmative link requires "more than a supervisor's mere knowledge of his subordinate's conduct." *Schneider*, 717 F.3d at 767 (internal quotation marks omitted). Generally, the plaintiff must allege facts establishing: (1) the supervisory defendant's personal involvement in the asserted violation of federal rights; (2) a sufficient causal connection; and (3) a culpable state of mind. *Id.* at 767-69; *see also Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).[4]

Defendant Taylor disputes the sufficiency of Plaintiff's pleading as to each of the required elements of this claim. Having carefully considered the Amended Complaint, the Court disagrees. As noted, Plaintiff alleges that Defendant Taylor had final authority at OCDC "to establish policies, procedures, practices and customs," "including but not limited to the training of jailors and the use of force by jailors." Am. Compl. ¶ 5. The pleading also alleges that Defendant Taylor, as Sheriff, was aware of numerous reported

---

[4] Though not recognized by the parties, following the Supreme Court's 2015 *Kingsley* decision, "a plaintiff may establish an excessive force claim under the Fourteenth Amendment based exclusively on objective evidence," with no requirement to prove a subjective component. *Strain v. Regalado*, 977 F.3d 984, 990 (10th Cir. 2020).

safety issues at OCDC and specifically was aware, prior to May 2019, that inmates would leave their cells to use the restroom due to overcrowding and unsanitary conditions. *See id.* ¶¶ 22-31, 48. Plaintiff alleges that Defendant Taylor failed to fund OCDC operations "in favor of spending on vehicles." *Id.* ¶ 51. The Amended Complaint alleges that at the time of the incident, "there were no policies, or wholly inadequate policies, in place as to the use of handcuffs, or other weapons against inmates in order to gain compliance" and that the policy or practice to "use . . . excessive force to gain inmate compliance was so widespread and known that it was a pattern and practice at the OCDC." *Id.* ¶¶ 128-129, 131. The pleading also alleges that: a well-known staff shortage at the jail contributed to a lack of control over the inmates; prior to Plaintiff's attack, multiple charges had been filed against OCDC staff regarding the staff's use of force against prisoners who left their cells at unauthorized times; and Defendant Brewer "resorted to unlawful use[] of force because [he] [was] overworked, under supervised, and poorly trained." *Id.* ¶¶ 7-8, 25, 32, 34-35, 97, 130.

Accepted as true, these allegations present sufficient factual content to allow the Court "to draw the reasonable inference that [Defendant Taylor] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At this early pleading stage, Plaintiff's allegations adequately reflect that Defendant Taylor "possessed responsibility for the continued operation of a policy that . . . caused the complained of constitutional harm." *Dodds*, 614 F.3d at 1199. Plaintiff "raise[s] a right to relief above the speculative level," and the excessive-force claim is not subject to dismissal under Rule 12(b)(6). *Twombly*, 550 U.S. at 555.

CONCLUSION

As outlined above, Defendant Taylor's Motion to Dismiss (Doc. No. 23) is GRANTED IN PART and DENIED IN PART.

Plaintiff's claim regarding unconstitutional conditions of confinement is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's excessive-force claim against Defendant Taylor remains pending.

IT IS SO ORDERED this 4th day of September, 2024.

_____
CHARLES B. GOODWIN
United States District Judge